TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Assistant U.S. Attorney
Arizona State Bar No. 016742
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Jacqueline.schesnol@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-24-1442-001-PHX-MTL (JZB) |
|---|---|
| Plaintiff, | **MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM INTRODUCING SELF-SERVING HEARSAY** |
| vs. | |
| Albert Moses Coury, III, | |
| Defendant. | |

The United States submits this motion *in limine* to preclude Defendant ALBERT MOSES COURY, III (COURY) from introducing his own self-serving, out-of-court statements through any method.

**FACTS**

Between April 2020 and December 2021, Defendant COURY owned American Guns & Ammo, which was an FFL in Mesa, Arizona. Co-defendant Natalie Turner was COURY's long-time partner, who mainly handled accounting, bookkeeping, and office work for American Guns & Ammo. A more detailed recitation of facts is set forth in the United States' response to the defendants' motions to sever (Doc. 39.) and incorporated herein.

**LAW and ARGUMENT**

In his Motion to Sever, COURY stated that he "expects that his codefendant would

testify about his insistence that their gun business comply with all ATF regulations and federal and state statutes." (Doc. 34 at 6.) It appears that COURY wants his co-defendant (Turner) to testify on his behalf as to out-of-court statements that COURY made to her. COURY's out-of-court statements are self-serving hearsay and inadmissible.

The United States may use a defendant's statements against him under Federal Rule of Evidence 801(d)(2) because a defendant is an opposing party, and therefore not hearsay. But a defendant cannot rely on this same Rule to introduce his own out-of-court statements because, if he does so, the statements are no longer being offered against him; rather, they are being offered on his behalf. Rule 801(d)(2) does not apply in this context by its own terms. *Cf. United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (inculpatory portions of a confession are admissible as party-opponent admissions when offered by the government against the defendant, but the exculpatory portions are inadmissible hearsay when offered by the defendant himself) (citing *Williamson v. United States*, 512 U.S. 594, 599 (1994)).

Restricting a defendant's ability to elicit inadmissible hearsay statements on cross-examination of government witnesses or his own witnesses is not an unconstitutional infringement on his due process, Fifth Amendment and/or Confrontation Clause rights. *See, e.g., id.* at 682-83 ("Precluding Ortega from eliciting inadmissible hearsay on cross-examination … is not the type of severe limitation on cross-examination that violates the Confrontation Clause.").

Rather, to let the defendant present his own exculpatory statements through cross-examination of government witnesses or through examination of other defense witnesses would allow the defendant to place such statements "before the jury without subjecting him to cross-examination, precisely what the hearsay rule forbids." *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988). If the defendant wishes to explain his version of events, he must take the stand and testify to it himself. The law does not permit him to slip it in through the back door. *See Ortega*, 203 F.3d at 683.

**CONCLUSION**

The potential testimony as COURY described in his Motion to Sever would be inadmissible hearsay. Therefore, the United States urges the Court to preclude COURY from calling his co-defendant Turner to testify as to his own out-of-court statements.

Respectfully submitted this 7th day of March, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Joy Malby Bertrand
Attorney for Defendant Albert Moses Coury, III

*s/Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney