**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone:  602-374-5321
Fax:  480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR:  DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　Plaintiff,<br><br>　　v.<br><br>Albert Moses Coury, III,<br>　　　Defendant. | CR-2024-1442-PHX-MTL (JZB)<br><br>**REPLY IN SUPPORT OF MOTION FOR BILL OF PARTICULARS** |

NOW COMES the Defendant, Albert Moses Coury, III, by Undersigned Counsel, to submit his Reply in support of his Motion for Bill of Particulars. He further submits the following:

## INTRODUCTION

As of the filing of this Reply, we are slightly more than eight weeks before the current trial setting.  The Government's Response insists that it is not required to show the Defendant – and this Court – how it plans to prove an aiding and abetting case, when it offers no evidence that the underlying crime occurred.

The Government's Response does not offer much substance regarding Mr. Coury's Motion. This Reply addresses the two most important issues remaining after the Government's response: the proporiety of the current Motion and the Government's inability and/or unwillingness to describe what, specific crime Mr. Coury is charged with aiding and abetting in Counts Thirteen through 25 of the Indictment.

## REPLY ARGUMENT

**I.** **It is Well Within this Court's Discretion to Hear Mr. Coury's Motion at this Early Stage of the Case.**

Mr. Coury's Motion was filed well within the Court's pretrial motions deadline.[1] The Government has shown no prejudice from filing the Defendant's Motion within the pretrial deadlines set by the Court. The Government certainly does not take the position that, had the Motion been filed sooner, it would have litigated this case differently. In fact, as discussed in the next section, the Government has doubled-down on its insistence that it has no obligation to proffer the evidence that would protect the Defendant future double jeopardy, ensure that the Government prosecutes a unitary conspiracy, and gives the Defendant a fair opportunity to defend the allegations against him.

---

[1] ECF Doc. 31 at 1.

## II. The Government's Response Highlights a Critical Flaw in Counts Thirteen through 25: the Lack of an Underlying Crime.

The Government insists on prosecuting the Defendant, using redacted 4473s that even black out the names of the alleged "straw buyers."[2] How is anyone – the Court, a jury, the Defendant – to know if any of these gun purchases were "straw purchases," if we do not know who was involved in the transaction? Do the people on these Forms 4473 even know that they are named as straw buyers in a federal indictment? It is well within this Court's discretion to insist that the Government be clear and unequivocal about how it intends to prove its allegations beyond a reasonable doubt.

Here, the Government refuses to even identify each of the persons whom it claims are "straw buyers." The Government's discovery includes Forms 4473 completed by Hector Camarena-Bedoy,[3] Bethany Montoya Mayville,[4] Lourdes Santeros,[5] and a person who has been redacted in the discovery.[6] The discovery includes no evidence that any of these people have

---

[2] Exhibit 1 to this Reply is a PDF set of the 4473s from the Government, organized as they apply to the Indictment.

[3] Ex. 1 at 2-22.

[4] Ex. 1 at 24-58.

[5] Ex. 1 at 59-90.

[6] Ex. 1 at 93-94, 99-101, 103-104, 109-113.

been charged as straw buyers. The Government has not turned over any cooperation agreements for any of these people. Each of these people are simply "suspected" straw buyers – hardly conclusive proof that a crime occurred.

To prove that Mr. Coury aided and abetted straw purchases, the Government must prove beyond a reasonable doubt that Mr. Coury "'specifically intended to facilitate the commission of [the principal's] crimes'; mere presence at the scene of the crime and knowledge that the crime is being committed is not enough."[7] The Government must prove that Mr. Coury knowingly aided and abetted "in each essential element of the crime."[8] Mere suspicion or speculation that a crime may be occurring is not sufficient.[9]

Here, the Government's Response dodges this major problem with both the Indictment and its discovery. Mr. Coury asks this Court to demand of the Government evidence that an actual crime occurred, which Mr. Coury aided and abetted for Counts Thirteen through 25.

---

[7] *United States v. Bancalari*, 1110 F.3d 1425, 1430 (9th Cir. 1997), quoting *United States v. Andrews*, 75 F.3d 552, 555 (9th Cir. 1996).

[8] *Bancalari*, 1110 F.3d at 1430, quoting *United States v. Dinkane*, 17 F.3d 1192, 1196 (9th Cir. 1994).

[9] *Dinkane*, 17 F.3d at 1196, quoting *United States v. Stauffer*, 922 F.2d 508, 514 (9th Cir. 1990).

# CONCLUSION

For the foregoing reasons, the Defendant asks this Court to order the Government to provide the Defendant's requested particulars.

Respectfully submitted this Twelfth day of March, 2025.

s/Joy Bertrand
Joy Bertrand
Attorney for Defendant

## CERTIFICATE OF SERVICE

On March 12, 2025, I, Joy Bertrand, attorney for the Defendant, Albert Moses Coury, III, filed the foregoing with the Arizona District Court's electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsel and codefendant counsel upon its submission to the Court.

Respectfully submitted this Twelfth day of March, 2025.


<u>s/Joy Bertrand</u>
Joy Bertrand