**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: 602-374-5321
Fax: 480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR: DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　Plaintiff,<br><br>　　v.<br><br>Albert Moses Coury, III,<br>　　Defendant. | CR-2024-1442-PHX-MTL (JZB)<br><br>**RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE** |

NOW COMES the Defendant, Albert Moses Coury, III, by Undersigned Counsel, to submit his Response to the Government's Motion in Limine to Preclude the Defendant from Introducing Self-Serving Hearsay.[1] sHe further submits the following:

**I.     The Government has not Identified in its Motion a Specific Statement Attributed to Mr. Coury.**

---

[1] ECF Doc. 42.

Hearsay is an out-of-court statement offered for the truth of the matter asserted.[2] Here, the Government does not identify a single statement from Mr. Coury that would be subject to this rule. Rather, the Government makes a broad assertion that Mr. Coury's out-of-court statements to his co-defendant, Natalie Turner, are *per se* hearsay and inadmissible.

The Defendant stated in his Motion to Sever, which has been rendered moot by Ms. Turner's change of plea, Mr. Turner asserted that he would call Ms. Turner to testify that Mr. Coury insisted that his gun business comply with all ATF regulations and federal and state statutes.[3]

Here, the Government's Motion fails, because it does not address specific statements. Rather, the Government attempts to lump into the parameters of "statement" any policies, practices, or training that Mr. Coury maintained at their gun store. Mr. Turner's observations and experiences with those policies, practices, or training do not necessarily constitute hearsay. For example, her observations and experiences could include her observations of Mr. Coury's own conduct, such as his interactions with ATF inspectors, and his interactions with customers. She also can testify as to the

---

[2] Fed. R. Evid. 801.

[3] ECF Doc. 34 at 6.

overall culture of their business and Mr. Coury's reputation for being careful and law-abiding.  None of that testimony would include hearsay.

To the extent that Ms. Turner's testimony could include out-of-court statements, the Government's motion does not offer enough information for the Defendant to answer specific hearsay objections, not to mention create an adequate record for the Court to rule on the objection.  The Federal Rules of Evidence provide for several exceptions to the general rule prohibiting hearsay.  Without the identification of specific statements, the Defense and the Court cannot determine if any of these exceptions apply, should the statements even constitute hearsay.

**II.     To the Extent that the Government Expects Ms. Turner to Testify Against Mr. Coury, the Government Cannot Cherry Pick the Portions of Statements She Attributes to Him.**

Federal Rule of Evidence 106 provides, "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time.  The adverse party may do so over a hearsay objection."  If the Government proffers statements through Ms. Turner, edited to include only the inculpatory portions, then Rule 106 allows the Defense to insist that the jury receive the entire statement – even over a hearsay objection.

With Ms. Turner's change of plea, Mr. Coury expects the Government to call Ms. Turner to testify for it. Likely, that testimony will include the Government asking her questions about what Mr. Coury instructed Ms. Turner about the completion of ATF Forms 4473. The Government cannot, then, limit Ms. Turner's testimony only to the statements attributed to Mr. Coury that it believes are inculpatory. Of course, until the Government clarifies what, specific statements it believes are hearsay, the Defense and the Court are not able to evaluate these statements to ensure their completeness.

For the foregoing reasons, the Defendant asks this Court to deny the Government's Motion *in Limine*.

Respectfully submitted this 21st day of March, 2025.

<u>s/Joy Bertrand</u>
Joy Bertrand
Attorney for Defendant

**CERTIFICATE OF SERVICE**

On March 21, 2025, I, Joy Bertrand, attorney for the Defendant, Albert Moses Coury, III, filed the foregoing with the Arizona District Court's electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsel and codefendant counsel upon its submission to the Court.

Respectfully submitted this 21st day of March, 2025.


s/Joy Bertrand
Joy Bertrand