TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Assistant U.S. Attorney
Arizona State Bar No. 016742
jacqueline.schesnol@usdoj.gov
JOSEPH E. KOEHLER
Arizona State Bar No. 013288
joe.koehler@usdoj.gov
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone:  602-514-7500

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>              Plaintiff,<br><br>      vs.<br><br>Albert Moses Coury, III,<br><br>              Defendant. | CR-24-1442-001-PHX-MTL (JZB)<br><br>**MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE SECOND AMENDMENT** |
| --- | --- |

The United States, through undersigned counsel, submits this motion *in limine* to preclude Defendant Coury from making any reference, either through testimony or in argument, to the Second Amendment at trial on the grounds of relevance, confusion, misleading the jury, and wasting time.

## I.     BACKGROUND

Defendant is charged via Indictment with one count of Conspiracy to Make False Statements in the Purchase of a Firearm in violation of 18 U.S.C. § 371; eleven counts of False Statement in the Purchase of a Firearm (Aiding and Abetting), in violation of 18 U.S.C. §§ 924(a)(1)(a) and 2; and thirteen counts of Material False Statement in the Purchase of a Firearm (Aiding and Abetting), in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) and 2.

Businesses involved in the dealing, manufacturing, or importing of firearms, or manufacturing or importing ammunition, must obtain a federal firearms license ("FFL") from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). ATF Form 4473, also known as a Firearms Transaction Record, is required to be kept by FFLs, pursuant to Chapter 44, Title 18, United States Code. Sections A and C of ATF Form 4473 are required to be completed by the transferee/buyer (customer) of the firearm(s), which includes providing some identifying information and certifying they are the actual buyer of the firearm(s). Sections B and D of Form 4473 are required to be completed by the transferor/seller of the firearm(s), which includes a certification that the entire transaction record (the form) has been completed at the licensed business premise. The entire ATF Form 4473 must be completed by both the transferee/buyer and the transferor/seller at the licensed business premises.

These charges stem from firearms purchases between April 2020 and December 2021 from Defendant Coury's business, American Guns & Ammo, in Mesa, Arizona. American Guns & Ammo is an FFL. Defendant created a "template" or "cheat sheet," which was used by American Guns & Ammo to collect the information required on the AFT Form 4473. Often, the "template" or "cheat sheet" was used by Defendant and his co-defendant, Natalie Turner "Turner"). Turner was Defendant Coury's long-time romantic partner that mainly handled accounting, bookkeeping, and office work for American Guns & Ammo. Coury, Turner, or some other employee of American Guns & Ammo completed ATF Forms 4473 on behalf of some transferees/buyers, which is, as alleged by the government, a crime.

The United States seeks to preclude any reference, in testimony or argument, to the Second Amendment. References to the Second Amendment will be irrelevant and present a significant danger of confusing and misleading the jury and will result in a waste of time, warranting exclusion under Federal Rules of Evidence 402 and 403.

## II. LAW

### a. The Second Amendment

The Second Amendment states, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme Court found that the Second Amendment confers "an individual right to keep and bear arms." 554 U.S. 570, 595 (2008). But in doing so, the Court recognized that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Id.* at 626. Specifically, the Court said, "nothing in our opinion should be taken to cast doubt on longstanding…laws imposing conditions and qualifications on the commercial sale of arms." *Id*. at 626-627. The Court reiterated this statement in *McDonald v. City of Chicago* when incorporating the Second Amendment right to bear arms to the states. 561 U.S. 742, 786 (2010).

In *N.Y. State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court extended that right to carry weapons for self-defense outside the home. 597 U.S. 1, 8 (2022). To support its holding, the Court created a new standard for Second Amendment regulations: "[W]e hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17.

In *Bruen*, the Court recognized for the third time since *Heller* that the Second Amendment right is not unlimited. *Id.* at 21. The Ninth Circuit has stated that "whether a regulation is covered by the Second Amendment's plain text must be tied to the conduct the regulation prevents the individual from engaging in." *United States v. Manney*, 114 F.4th 1048, 1052 (9th Cir. 2024) (citing *Doe v. Bonta*, 101 F.4th 633, 639 (9th Cir. 2024)) (internal quotations omitted). It is well-settled that the regulation of the commercial sale of firearms does not violate the Second Amendment. *See e.g. Teixeria v. County of Alameda*,

873 F.3d 670, 683-84 (9th Cir. 2017) (the right to sell firearms was not within the historical understanding of the scope of the Second Amendment); *United States v. Castro*, No. 10-50160, 2011 U.S. App. LEXIS 26000, at *1 (9th Cir. 2011) (prosecution for conspiracy to deal firearms without a license did not violate the Second Amendment) (citing *Heller*, 554 U.S. at 626-627; *McDonald*, 561 U.S. at 786 ); *United States v. Ellis*, No. 2:18-cr-00255-JAD-EJY, 2020 U.S. Dist. LEXIS 60415, at *1-2 (D. Nev. Apr. 6, 2020) (well-settled that the government can regulate commercial gun dealing); *Craghtten v. United States*, No. 1:24-cv-00409-DKG, 2025 U.S. Dist. LEXIS 132638, at *1-2 (D. Idaho Jan. 31, 2025) (ATF Form 4473 is not a prohibition on plaintiff's ability to purchase a firearm and therefore not covered by the plain text of the Second Amendment).

The Gun Control Act of 1968 regulates the sale of firearms by licensed firearms dealers. 18 U.S.C. § 921, et seq. "The Act provides a detailed scheme to enable a federally licensed firearms dealer to verify, at the point of sale, whether a potential buyer may lawfully own a gun." *Craghtten v. United States*, No. 1:24-cv-00409-DKG, 2025 U.S. Dist. LEXIS 132638, at *1-2 (D. Idaho Jan. 31, 2025). "To implement all those statutory requirements, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) developed Form 4473 for gun sales." *Abramski v. United States*, 573 U.S. 169, 173 (2014). Parts of Form 4473 must be completed by the buyer, including the buyer's name, birth date, and address among other identifying information. The form then requires the buyer to answer whether any of the factors disqualifying a person from gun ownership apply to the buyer. *Id.* Form 4473 then has the buyer sign a certification declaring all of the buyer's answers as true, correct, and complete. *Id.* at 174. There are two statutes that criminalize false statements about firearms transactions: 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a)(1)(A). *Id.* at 174-175.

### b. *Admissibility of Evidence*

Any evidence sought to be admitted at trial must be relevant. *See* Fed. R. Evid. 402 ("irrelevant evidence is not admissible."). Relevant evidence is that which tends to "make

a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401; *see Old Chief v. United States*, 519 U.S. 172, 177 (1997). "Evidence of a legal interpretation of the Second Amendment is not relevant because it does not tend to make a material fact of the charged offense more or less probable." *United States v. Romero*, No. 4:24-cr-00019-TMB-SAO, 2025 U.S. Dist. LEXIS 4212, at *6-7 (D. Alaska Jan. 8, 2025).

"Jurors are required to apply the law as it is explained to them in the instructions they are given by the trial judge." *United States v. Escobar de Bright*, 742 F.2d 1196, 1201 (9th Cir. 1984); *see also United States v. Brodie,* 858 F.2d 492, 496 (9th Cir. 1988) ("It is well settled that the judge instructs the jury in the law"), overruled on other grounds by *United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997). "It is the function of the jury to determine the facts from the evidence and apply the law as given by the court to the facts as found by them from the evidence." *Cooley v. United States*, 501 F.2d 1249, 1253-54 (9th Cir. 1974); *see also United States v. Hale*, No. 94-10471, 1995 U.S. App. LEXIS 31591, at *6-7 (9th Cir. Oct. 30, 1995). Legal issues are not appropriate for jury determination. *See United States v. Chan*, No. 22-cr-00109-DKW, 2025 U.S. Dist. LEXIS 14672, at *3-4 (D. Haw. Jan. 28, 2025) (Court found that it was inappropriate for the defendant to introduce the argument regarding the constitutionality of the charged statutes under the Second Amendment). The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

## III.   ARGUMENT

It is well-settled within the Ninth Circuit that the making of false statements that is punishable under §§ 922(a)(6) and 924(a)(1)(A) falls outside the scope of the Second Amendment's plain text. *See United States v. Manney*, 114 F.4th 1048 (9th Cir. 2024). In *Manney*, the defendant signed ATF Form 4473, certifying she was the actual purchaser of the firearms but there was evidence she had bought the guns for her son (a felon who could

not legally purchase guns himself) and that he paid her for them. *Id.* at 1050. The defendant in *Manney,* challenged § 922(a)(6) as unconstitutional because it impermissibly regulated the purchase of firearms under the *Bruen* framework. *Id.* at 1052. In rejecting Manney's challenge, the Ninth Circuit held the statute merely prohibits a person from lying about the actual purchaser of the firearms, and because "the Second Amendment does not protect an individual's false statements," "the conduct § 922(a)(6) regulates falls outside the scope of the Second Amendment's plain text." *Id.* at 1053.

Defendant Coury's conduct, in part, was taking part in the completion of the ATF Form 4473 on behalf of buyers. While Defendant Coury was not the firearm purchaser, like the defendant in *Manney,* Coury is charged pursuant to the same statute for the same crime of falsifying statements on the ATF Form 4473. Just like in *Manney,* the Second Amendment does not protect Defendant Coury's false statements in this case. Any reference to the Second Amendment is irrelevant to Defendant Coury's part in making false statements as it does not make any fact going to the false statements more or less probable, warranting exclusion under Federal Rules of Evidence 402 and 403.

Additionally, the Court will instruct the jury on the relevant law. The Court in this case is bound by the Ninth Circuit precedent set in *Manney.* Any reference by Defendant Coury to the Second Amendment would only serve to confuse or mislead jurors about the law and as a result should be excluded under Federal Rules of Evidence 402 and 403. *See United States v. Romero*, No. 4:24-cr-00019-TMB-SAO, 2025 U.S. Dist. LEXIS 4212, at *6-7 (D. Alaska Jan. 8, 2025) (finding that evidence introduced to support a party's legal interpretation of the Second Amendment is not relevant and risks misleading the jury, making it inadmissible at trial).

//

//

//

//

## IV. Conclusion

For the foregoing reasons, the United States moves to preclude arguments or testimony referencing the Second Amendment on the grounds of relevance, confusion of the issues, misleading the jury, and a waste of time.

Respectfully submitted this 2nd day of October, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

/s/Jacqueline Schesnol
JACQUELINE SCHESNOL
JOSEPH KOEHLER
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Joy Malby Bertrand
Attorney for Defendant Albert Moses Coury, III

/s/ Jacqueline Schesnol
JACQUELINE SCHESNOL
Assistant U.S. Attorney