**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: 602-374-5321
Fax: 480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR: DEFENDANT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-2024-1442-PHX-MTL (JZB) |
|     Plaintiff, | |
| | **MOTION *IN LIMINE* TO** |
|     v. | **PRECLUDE MENTION OF GANGS, CARTELS, AND/OR MEXICO** |
| Albert Moses Coury, III, | |
|     Defendant. | |

NOW COMES the Defendant, Albert Moses Coury, III, by Undersigned Counsel, to move this Court *in limine* to preclude mention of where the guns at issue went after they were purchased. Undersigned Counsel certifies that she has met and conferred with the Government about this Motion.

As further grounds therefore, he submits the following:

### THE EVIDENCE TO BE PRECLUDED

The Defense expects the Government to allude to the guns listed in the Indictment being transferred to gang/cartel members or sent to Mexico. The Defense further expects the Government to claim that Mr. Coury "knew or should have known" the intended destination of the guns.

This potential evidence is unsupported by the evidence. Nothing in the evidence shows that Mr. Coury knew that these guns were straw purchases. The evidence also is bereft of any indication that Mr. Coury knew where the guns would go. Even if the Government could marshal evidence to support these allegations, this evidence would be inadmissible under Fed. R. Evid. 401, 402, and 403.

## APPLICABLE LAW

Federal Rule of Evidence 402 prohibits the admission of evidence that is not relevant. Evidence is relevant, if:

> **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and

> **(b)** the fact is of consequence in determining the action.

Even if evidence is relevant, it must be precluded if, "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[1] If there exists any alternative evidence with same or greater probative value, but with lesser threat of unfairly prejudicing defendant, as proffered evidence, court must discount probative

---

[1] Fed. R. Evid. 403.

value of originally proffered evidence and exclude it if its now-lesser probative value is substantially outweighed by unfair prejudice to defendant.

## ARGUMENT

The Government separately indicted the alleged "straw purchasers." Each of the purchasers has pled guilty to making misrepresentations on ATF Forms 4473.[2] The lead defendant, Jose Plascencia, pled guilty to inducing others to purchase guns from Mr. Coury's store.[3]

News regarding the violence of Mexican drug cartels has permeated media reports for years. Just the mention of "cartel" or "gang" conjures violence that is not associated with this case. The Government has even designated some Mexican cartels terrorists.[4] Because of the incendiary nature of these words, they should not be used at trial in this case.

---

[2] See, *United States v. Plascencia*, *et al.*, Arizona District Court Number 23CR01489-KML.

[3] *United States v. Plascencia*, *et al.*, 23CR1489-KML ECF Doc. 100 at 7-8.

[4] "Designating Cartels and Other Organizations as Foreign Terrorist Organizations and Specially Designated Global Terrorists," January 20, 2025, available at https://www.whitehouse.gov/presidential-actions/2025/01/designating-cartels-and-other-organizations-as-foreign-terrorist-organizations-and-specially-designated-global-terrorists/ (last visited January 15, 2026).

These references also should not be used, because the Government has offered no evidence that Mr. Coury knew anything about where these guns would go after they left the store.

The evidence does show that Al's American Guns and Ammo ran the required background checks on each purchaser. The background checks produced no red flags, so the sales were completed.

The Defense also expects the evidence to show that Al's American Guns and Ammo submitted the ATF form 3310 for multiple revolver or pistol purchases, as required by ATF regulations. The ATF uses this form "for law enforcement purchases" to "determine if the buyer (transferee) is involved in unlawful activity."[5]

The Defense also expects the evidence to show Jose Plascencia specifically told the police in a car stop that Mr. Coury was not involved in any of Plascencia's illegal dealings. Plascencia's insistence that Mr. Coury was not involved further underscores why any reference to cartels or Mexico is unsupported by the evidence.

---

[5] Bureau of Alcohol, Tobacco, Firearms, and Explosives, "Report of Multiple Sale or Other Disposition of Pistols and Revolvers (ATF Form 3310.4, available at https://www.atf.gov/firearms/docs/form/report-multiple-sale-or-other-disposition-pistols-and-revolvers-atf-form-33104 (last visited January 15, 2026).

The plea agreements in the *Plascencia* prosecution also do not implicate Mr. Coury.  None of them appear to mention Mr. Coury.  None of them appear to have a cooperation agreement pertaining to Mr. Coury.

Mr. Coury did not know that Plascencia and his cofactors were involved in illegal activity.  He certainly did not know where the guns Plascencia, *et al.*, purchased would go after they left the store. To attribute this knowledge to Mr. Coury would be, at best, to call for inadmissible speculation.  Given how incendiary allegations regarding cartels, gangs, or gun transports to Mexico are, Rules 401, 402, and 403 preclude any mention of these ideas at trial.

Respectfully submitted this Sixteenth day of January, 2026.

<u>s/Joy Bertrand</u>
Joy Bertrand
Attorney for Defendant

**CERTIFICATE OF SERVICE**

On January 16, 2026, I, Joy Bertrand, attorney for the Defendant, Albert Moses Coury, III, filed the foregoing with the Arizona District Court's electronic filing sy News regarding the violence of Mexican drug cartels has permeated recent media reports stem. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsel upon its submission to the Court.

Respectfully submitted this Sixteenth day of January, 2026.


s/Joy Bertrand
Joy Bertrand