TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Assistant U.S. Attorney
Arizona State Bar No. 016742
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

☐ FILED ☒ LODGED
Mar 19 2025
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Natalie Turner,<br>Defendant. | No. CR 24-01442-002-PHX-MTL (JZB)<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, NATALIE TURNER, agree to resolve this matter on the following terms and conditions:

**1. PLEA**

The defendant will plead guilty to Count 5 of the Indictment charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 924(a)(1)(A) and 2, False Statement During the Purchase of a Firearm, and Aid and Abet, a Class D felony offense.

**2. MAXIMUM PENALTIES**

a. A violation of 18 U.S.C. §§ 924(a)(1)(A) and 2 is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of five years, or both, and a term of supervised release of up to three years. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

## 3. AGREEMENTS REGARDING SENTENCING

a. Stipulation: Sentencing. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulate that the Court shall defer sentencing for a period of two years (Deferral Years).

(1) The Deferral Years will commence after a status hearing at which time a sentencing date will be set. The status hearing will be set approximately 60 days after the entry of the plea of guilty to allow the United States Probation Office to prepare the Presentence Investigation Report.

(2) The defendant shall make a full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense and shall demonstrate an acceptance of responsibility for this offense up to and including the time of sentencing.

(3) During the Deferral Years, the defendant shall:

(i) Submit to a program of supervision as directed by the United States Probation Office or Pre-Trial Services;

(ii) Abide by all instructions from the United States Probation Office or Pre-Trial Services, all orders of the Court, and all federal, state, and local laws;

(iii) Immediately alert the United States Probation Office or Pre-Trial Services to any contact with law enforcement;

(iv) Will not apply for a federal firearms license;

(v) Failure to comply with the conditions set by the United States Probation Office or Pre-Trial Services will constitute a violation; and

(4) The Court may include additional conditions and may modify the terms of this stipulation during the Deferral Years.

(5) If the defendant fails at any time or in any way to fulfill all the requirements of this stipulation, the Court shall set this matter for sentencing forthwith, and the defendant shall not be permitted to withdraw her guilty plea.

(6) If the defendant satisfies all of the requirements of this stipulation for the duration of the Deferral Years, upon the conclusion of the Deferral Years, the U.S. Attorney's Office will dismiss the Indictment with prejudice as to this defendant only.

b. Other Agreements Regarding Sentencing. If this case proceeds to sentencing, the United States and the defendant stipulate that the defendant's sentence shall not exceed a six-months term of imprisonment. This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

c. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the

United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4. AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss Counts 1-4 and 6-12 of the Indictment with prejudice at the time of sentencing, as to this defendant only.

b. The United States will not bring any other charges against this defendant related to her work at American Guns & Ammo.

c. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and

defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6. WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7. DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9. ELEMENTS**

**False Statement During the Purchase of a Firearm, Aid and Abet**
**18 U.S.C. §§ 924(a)(1)(A) and 2**

To "aid and abet" means to intentionally help someone else commit a crime. To prove a defendant guilty of False Statement During the Purchase of a Firearm by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

On or between July 15, 2020, and July 17, 2020, in the District of Arizona:

1. The defendant committed the crime of False Statement During the Purchase of a Firearm;

a. The defendant knowingly made a false statement or representation in connection with the purchase of a firearm;

b. The defendant made the false statement or representation to a licensed dealer, importer, manufacturer, or collector of firearms, as defined in Chapter 44, Title 18, United States Code; and

c. The statement pertained to information that the law requires the licensed dealer, importer, manufacturer, or collector to keep.

2. Another person aided, counseled, commanded, induced, or procured the defendant with respect to at least one element of False Statement During the Purchase of a Firearm;

3. That other person acted with the intent to facilitate the False Statement During the Purchase of a Firearm; and

4. That other person acted before the crime was completed.

**10. <u>FACTUAL BASIS</u>**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

A business involved in the dealing, manufacturing, or importing of firearms, or manufacturing or importing ammunition, must obtain a federal firearms license ("FFL") from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). ATF Form 4473, also known as a Firearms Transaction Record is required to be kept by FFLs, pursuant to Chapter 44, Title 18, United States Code. Sections A and C of ATF Form 4473 are required to be completed by the transferee/buyer (customer) of the firearm(s), including biographical information, address, and an acknowledgement that they are the actual buyer (Form 4473 includes a warning that if the firearm is being acquired for another person, then the person completing that section is not the actual buyer). Sections B and D of Form 4473 are required to be completed by the transferor/seller of the firearm(s), including a certification that the

entire transaction record (the form) has been completed at the licensed business premises. The entire ATF Form 4473 must be completed by both the transferee/buyer and the transferor/seller at the licensed business premises.

American Guns & Ammo is a Federal Firearms Licensee (FFL), licensed under Chapter 44 of Title 18 United States Code, doing business as American Guns & Ammo, in Maricopa County, Arizona. Under the provisions of Chapter 44 of Title 18, United States Code, Firearms Transaction Records, known as ATF Form 4473, contain information required to be kept by FFLs. In 2020, American Guns & Ammo was owned and operated by co-defendant Albert Moses Coury, III. Co-defendant Coury created a "template" or "cheat sheet," which was used by American Guns & Ammo to collect the information required on ATF Form 4473 from the transferee/buyer (customers). Often, the "template" or "cheat sheet" was used by American Guns & Ammo to complete ATF Forms 4473 on behalf of the transferee/buyer; therefore, ATF Form 4473 was illegally completed prior to the transfer of firearms to customers.

In 2020, Defendant NATALIE TURNER worked for American Guns & Ammo. Defendant NATALIE TURNER primarily worked for American Guns & Ammo from her home. While working from home, Defendant NATALIE TURNER used customer's information from the "template" or "cheat sheet" to fill out ATF Forms 4473 on behalf of the transferee/buyer (customers), at the direction of co-defendant Coury.

From her home, Defendant NATALIE TURNER regularly completed Sections A and C of ATF Form 4473, which are are required to be completed by the transferee/buyer of the firearm(s), as well as Sections B and D, which are required to be completed by transferor/seller of the firearm(s). As the transferor/seller, Defendant NATALIE TURNER was required to certify that the entire ATF Form 4473 had been completed on the business premises of the FFL; however, Defendant

NATALIE TURNER was completing ATF Forms 4473 from her home, with the knowledge, consent, and permission of co-defendant Coury.

Further, firearms were regularly transferred to transferee/buyer at the premises of American Guns & Ammo without the transferee/buyer completing any part of ATF Form 4473 and before Defendant NATALIE TURNER signed ATF Form 4473, which she subsequently signed at American Guns & Ammo.

On or between July 15, 2020, and July 17, 2020, Defendant NATALIE TURNER filled out an ATF Form 4473 as the transferor/seller of five (5) firearms. Defendant NATALIE TURNER was not at American Guns & Ammo when the firearms were transferred or when she completed ATF Form 4473.

Defendant NATALIE TURNER knew it was a false statement when she signed ATF Forms 4473 indicating the entire form was completed at the premises of the FFL, because she was not at the premises when she filled out ATF Form 4473. Defendant NATALIE TURNER also knew she was completing Sections A and C on ATF Form 4473 when those sections had to be completed by the transferee/buyer.

Co-defendant Coury aided, counseled, commanded, induced, or procured Defendant NATALIE TURNER with respect to completing ATF Form 4473 from her home instead of on the premises of the FFL.

Further, Defendant NATALIE TURNER acknowledges that the signature of the transferee/buyer on the ATF Form 4473 dated July 15, 2020, did not match the signature of the same transferee/buyer on the ATF Form 4473 dated May 19, 2020.

b. The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and

may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

3-11-2025
Date

NATALIE TURNER
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement.

I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

11 March 2025

Date

ROBERT MCWHIRTER
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

Digitally signed by JACQUELINE SCHESNOL
Date: 2025.03.11 10:44:18 -07'00'

Date

JACQUELINE SCHESNOL
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

Date

HONORABLE MICHAEL T. LIBURDI
United States District Judge