TIMOTHY COURCHAINE
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Assistant U.S. Attorney
Arizona State Bar No. 016742
JOSEPH E. KOEHLER
Assistant U.S. Attorney
Arizona State Bar No. 013288
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona  85004
Telephone:  602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Email: joe.koehler@usdoj.gov
Attorneys for Plaintiff

FILED ___ ✓ LODGED
___ RECEIVED ___ COPY

FEB 0 6 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Albert Moses Coury, III,<br><br>Defendant. | No. CR-24-01442-001-PHX-MTL<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Albert Moses Coury, III, hereby agree to resolve this matter on the following terms and conditions:

**1.    PLEA**

The defendant will plead guilty to:

Count 1 of the Information charging the defendant with a violation of Title 18, United States Code (U.S.C.), Section 371, Conspiracy to Make False Statements by a Licensee, in violation of 18 U.S.C. §§ 922(m) and 924(a)(3)(A), a class A misdemeanor offense;

Counts 2-5 of the Information charging the defendant with violations of Title 18, United States Code (U.S.C.), Section §§ 922(m), 924(a)(3)(B), and 2, False Entry by a Licensee and Aid and Abet, a class A misdemeanor offense.

2.    **MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. § 371 for Conspiracy to commit a class A Misdemeanor Offense, is punishable by a maximum fine of $100,000.00, a maximum term of imprisonment of one year, or both a fine and a term of imprisonment, a maximum term of supervised release of one year, and a maximum term of probation of five years;

A violation of 18 U.S.C. § 922(m) and 924(a)(3)(B), False Entry, is punishable by a maximum fine of $100,000.00, a maximum term of imprisonment of one year, or both a fine and a term of imprisonment, a maximum term of supervised release of one year, and a maximum term of probation of five years.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)    serve a term of supervised release when required by statute (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)    pay upon conviction a $25 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

- 2 -

**3.    AGREEMENTS REGARDING SENTENCING**

a.    <u>Stipulation: Surrender of Federal Firearms Licensee License for Cause</u>. Defendant has surrendered his Federal Firearms Licenses (FFLs) for Al's American Guns & Ammo, LLC (doing business as American Guns & Ammo), license numbers 9-86-013-01-4H-08389 (Type 1 Dealer) and 9-86-013-08-2A-14613 (Type 8 Importer) and Al's Guns & Ammo – LLC (doing business as Al's Guns & Ammo), license number 9-86-013-01-4A-07944 (Type 1 Dealer).  Defendant will never reapply for another FFL license (directly or through a third party or proxy) in the future.  If he has not done so already, defendant will return his former physical FFLs to ATF within seven (7) days of entering into this agreement.  If he has not done so already, defendant will properly liquidate his firearm inventory, close out his records, and return all outstanding records to the ATF Out of Business Center within 30 days of entering this agreement.

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss the Indictment as to this defendant only.

b.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.  In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6.    **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives: (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7.    **DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    If a presentence investigation report is ordered by the Court, the defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

## 8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

## 9.    ELEMENTS

**Conspiracy to Make False a Entry by a Licensee in violation of 18 U.S.C. §§ 371, 922(m) and 924(a)(3)(B) – Count 1**

Beginning on or about April 5, 2020, through on or about December 9, 2021, in the District of Arizona:

1.    The defendant knowingly agreed with others to commit the crime of False a Entry by a Licensee;

2.    The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

- 5 -

3.      One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The underlying offense of False Entry by a Licensee in violation of 18 U.S.C. §§ 922(m) and 924(a)(3)(B) requires proof of the following:

1.      That the defendant was a federally licensed firearms dealer, importer, manufacturer or collector at the time the alleged offense occurred;

2.      That the defendant made a false entry in the firearm records he was required by federal law to maintain; and

3.      That the defendant knowingly made the false entry with knowledge of the falsity.

**False Entry by Licensee and Aid and Abet – Counts 2-5**

To "aid and abet" means to intentionally help another person commit a crime. To prove a defendant guilty of False Entry by a Licensee by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

Beginning on or about April 5, 2020, through on or about December 9, 2021, in the District of Arizona:

1.      Another person committed the crime of False a Entry by a Licensee;

a. The defendant was a federally licensed firearms dealer, importer, manufacturer or collector at the time the alleged offense occurred;

b. The defendant or the person he aided and abetted made a false entry in the firearm records he was required by federal law to maintain; and

c. The defendant knowingly aided and abetted the other person make the false entry with knowledge of the falsity.

2.      The defendant aided, counseled, commanded, induced, or procured the other person with respect to at least one element of False a Entry by a Licensee;

3.      The defendant acted with the intent to facilitate the False Entry by a Licensee; and

4.      The defendant acted before the crime was completed.

- 6 -

**10.   FACTUAL BASIS**

a.      The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

A person or a business involved in the dealing, manufacturing, or importing of firearms, or manufacturing or importing ammunition, must obtain a federal firearms license ("FFL") from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  ATF Form 4473, also known as a Firearms Transaction Record is required to be kept by FFLs, pursuant to Chapter 44, Title 18, United States Code.

From on or about April 5, 2020, through on or about December 9, 2021, within the District of Arizona, Defendant ALBERT MOSES COURY, III, owned and operated American Guns & Ammo in Mesa Arizona.  During those dates, American Guns & Ammo was an FFL.

Natalie Turner assisted in running American Guns & Ammo, specifically she often completed ATF Forms 4473 required to be kept by the FFL. With ALBERT MOSES COURY, III's knowledge and approval, Natalie Turner worked from home between April 5, 2020 and December 9, 2021.

Portions of ATF Form 4473 are required to be completed by the transferee/buyer of firearms ("buyer's sections"). Between April 5, 2020 and December 9, 2021, with ALBERT MOSES COURY, III's knowledge and approval, Natalie Turner or others typed the required buyer's section information into a blank ATF Form 4473.

Other sections of Form 4473 were required to be completed by the transferor/seller of the firearm(s) ("seller's sections"), including a certification that the entire ATF Form 4473 had been completed at the licensed business premises.

With ALBERT MOSES COURY, III's knowledge and approval, Natalie Turner and others completed the seller's sections of ATF Forms 4473 at locations other than at American Guns& Ammo (often from Natalie Turner's home). Natalie Turner or others then emailed or texted the typewritten form back to American Guns & Ammo, where the

customer would sign the ATF Form 4473.

Between April 5, 2020 and December 9, 2021, Natalie Turner and others made false entries with respect to the information required to be kept in the Firearms Transaction Record. Specifically, with ALBERT MOSES COURY, III's knowledge and approval, Natalie Turner or others certified that the buyer's and seller's sections of the ATF Form 4473 had been completed on the premises of American Guns & Ammo, when both sections were completed at locations other than at American Guns& Ammo (often from Natalie Turner's home).

On or about April 7-8, 2020, July 15-17, 2020, October 3, 2020, and December 8-9, 2020, in the District of Arizona, ALBERT MOSES COURY, III, with knowledge and approval, abetted Natalie Turner and other persons to knowingly make false entries in records that ALBERT MOSES COURY, III, was required to keep in the records of American Guns & Ammo, pursuant to Section 923 of Title 18, United States Code. These false entries included (1) entries certifying that the buyer's sections of ATF Form 4473 had been completed by the transferee/buyer/customer of the firearm(s) when those sections had been completed by Natalie Turner or someone other than the transferee/buyer/customer and (2) entries certifying that both the buyer's and seller's sections of the ATF Form 4473 had been completed at the licensed business premises of American Guns & Ammo when those sections had been completed somewhere other than at the licensed business premises. In each instance, ALBERT MOSES COURY, III, knew the foregoing entries were false.

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement, and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment, or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

(including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

02/04/2026
_____
Date

*Albert Moses Coury, III*
Albert Moses Coury, III (Feb 4, 2026 11.00.26 MST)
_____
ALBERT MOSES COURY, III
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

February 4, 2026
_____
Date

*Joy Bertrand*
_____
JOY BERTRAND
Attorney for Defendant

- 10 -

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

_February 4, 2026_
Date

JACQUELINE SCHESNOL
JOSEPH KOEHLER
Assistant U.S. Attorney

## COURT'S ACCEPTANCE

Date

MICHAEL T. LIBURDI
United States District Judge